**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2** | **CIVIL ACTION NO:** |
| **Plaintiff** | **COMPLAINT** |
| **vs.** | **RE:**<br>**3147 Broadway, Glenburn, ME 04401** |
| **Suzette L Randall** | **Mortgage:**<br>**January 10, 2005**<br>**Book 9772, Page 163**<br>**Penobscot County Registry of Deeds** |
| **Defendant** | |
| **Ellsworth Builders Supply, Inc.**<br>**Englert, Inc.** | |
| **Party-In-Interest** | |

NOW COMES the Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Suzette L Randall, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, (resident of Delaware and New York) in which the Defendant, Suzette L Randall is the obligor pursuant to a Loan Assumption Agreement dated July 14, 2020 and recorded in the Penobscot County Registry of Deeds, Book 15701, Page 147 and a Modification Agreement dated July 28, 2020 and recorded in the Penobscot County Registry of Deeds Book 15883, Page 275 (collectively the "Agreements") (*see* Exhibits F and G) and the total amount owed under the terms of the Note and the aforesaid Agreements as of August 15, 2026 is Two Hundred Forty-Eight Thousand Two Hundred Sixty-Seven and 12/100 ($248,227.12) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2 is a Delaware Corporation with its principal/main place

of business located at 240 Greenwich Street, New York, NY 10286 and is therefore a resident of Delaware and New York. *See* Exhibits F and G.

5. The Defendant, Suzette L Randall, is a resident of Glenburn, County of Penobscot and State of Maine.

6. The Party-in-Interest, Ellsworth Builders Supply, Inc., is a Maine corporation with a main/principal place of business at 2 Hammond Drive, Belgrade, ME 04917.

7. The Party-in-Interest, Englert, Inc., was a New Jersey corporation with a main/principal place of business at One Tower Center Blvd., East Brunswick, NJ 08816.

## FACTS

8. On December 3, 2015, by virtue of a Warranty Deed from Estate of Albert Ambert Randall, III, a/k/a Albert A. Randall, III, which is recorded in the Penobscot County Registry of Deeds in **Book 14027, Page 274**, the property situated at 3147 Broadway, City/Town of Glenburn, County of Penobscot, and State of Maine, was conveyed to Suzette L. Randall, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

9. On January 10, 2005, Defendants Albert A Randall III, executed and delivered to Countrywide Home Loans, Inc. a certain Note under seal in the amount of $80,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

10. Pursuant to the Agreements executed in 2020, Suzette L. Randall assumed liability for the aforesaid Note. *See* Exhibits F and G.

11. To secure said Note, on January 10, 2005, Defendant, Suzette L Randall, and the now deceased Albert A. Randall III (date of death December 2, 2013, and Penobscot Probate Docket No. 2015-704) executed a Mortgage Deed in favor of Mortgage Electronic

Registration Systems, Inc. as Nominee for Countrywide Home Loans, Inc., securing the property located at 3147 Broadway, Glenburn, ME 04401 which Mortgage Deed is recorded in the Penobscot County Registry of Deeds in **Book 9772**, **Page 163**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

12. The Mortgage was then assigned to The Bank of New York, a New York Corporation, as Trustee for the Certificateholders, CWABS, Inc. Asset-Backed Certificates, Series 2005-2 by virtue of an Assignment of Mortgage dated March 27, 2007, and recorded in the Penobscot County Registry of Deeds in **Book 10898**, **Page 285** (Arguably ineffective under *Greenleaf*). *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was further assigned to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2 by virtue of a Quitclaim Assignment dated June 2, 2015, and recorded in the Penobscot County Registry of Deeds in **Book 13873**, **Page 93**. *See* Exhibit E (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. On January 14, 2020, Defendant, Suzette L Randall, executed and delivered to Countrywide Home Loans, Inc. a certain Loan Assumption Agreement in the amount of $99,134.44 which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit F (a true and correct copy of the Loan Assumption Agreement is attached hereto and incorporated herein).

15. On July 28, 2020, the Defendants, Suzette L Randall, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $261,001.52 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit G (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

16. On March 13, 2026, the Defendant, Suzette L Randall, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the United States Postal Service Tracking (herein after referred to as the "Demand Letter"). *See* Exhibit H (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Suzette L Randall, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit H.

18. The Defendant, Suzette L Randall, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET

BACKED CERTIFICATES, SERIES 2005-2, hereby certifies it is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

22. Ellsworth Builders Supply, Inc. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $841.63 dated January 7, 2011, and recorded in the Penobscot County Registry of Deeds in **Book 12371**, **Page 228,** however, upon information and belief that Writ was not perfected due to a failure to comply with the notice requirements under Maine statutes and may be in second position behind Plaintiff's Mortgage.

23. Englert, Inc. is a Party-in-Interest pursuant to a Writ of Execution in the amount of $3,323.47 dated February 20, 2014, and recorded in the Penobscot County Registry of Deeds in **Book 13465**, **Page 243** however, upon information and belief that Writ was not perfected due to a failure to comply with the notice requirements under Maine statutes and may be in third position behind Plaintiff's Mortgage.

24. The total debt owed under the Note and Mortgage as of August 15, 2026, is Two Hundred Forty-Eight Thousand Two Hundred Sixty-Seven and 12/100 ($248,227.12) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $215,108.20 |
| Interest | $4,847.76 |
| Fees | $1,891.16 |

| | |
|---|---|
| Deferred Principal | $26,380.00 |
| Grand Total | $248,227.12 |

25. Upon information and belief, the Defendant, Suzette L Randall, is not presently in possession of the subject property originally secured by the Mortgage.

COUNT I – FORECLOSURE AND SALE

26. The Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, repeats and re-alleges paragraphs 1 through 25 as if fully set forth herein.

27. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 3147 Broadway, Glenburn, County of Penobscot, and State of Maine. *See* Exhibit A.

28. The Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, is the holder of the Note referenced in Paragraph 9 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, has the right to foreclosure and sale upon the subject property.

29. The Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, hereby certifies it is the current owner and investor of the aforesaid Agreements, Mortgage and Note.

30. The Defendant, Suzette L Randall, is presently in default on said Agreements, Mortgage and Note, having failed to make the monthly payment due February 1, 2026, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

31. The total debt owed under the Note and Mortgage as of August 15, 2026, is Two Hundred Forty-Eight Thousand Two Hundred Twenty-Seven and 12/100 ($248,227.12) Dollars.

32. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

33. By virtue of the Defendant, Suzette L Randall's, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate.

34. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was sent to the Defendant, Suzette L Randall, on March 13, 2026, evidenced by the United States Postal Service Tracking. *See* Exhibit H.

35. The Defendant, Suzette L Randall, is not in the Military as evidenced by the attached Exhibit I.

36. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property.

## COUNT II – BREACH OF NOTE

37. The Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, repeats and re-alleges paragraphs 1 through 36 as if fully set forth herein.
38. On January 10, 2005, the Defendants, Suzette L Randall and Albert A Randall III, executed under seal and delivered to Countrywide Home Loans, Inc. a certain Note in the amount of $80,000.00. *See* Exhibit B.
39. On January 14, 2020, Defendant, Suzette L Randall, executed and delivered to Countrywide Home Loans, Inc. a certain Loan Assumption Agreement in the amount of $99,134.44 and Modification Agreement. *See* Exhibits F and G.
40. The Defendant, Suzette L Randall, is in default for failure to properly tender the February 1, 2026, payment and all subsequent payments. *See* Exhibit H.
41. The Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, is the proper holder of the Note and Agreements and is entitled to enforce the terms and conditions of the Note and Agreements due to its breach by the Defendant, Suzette L Randall.
42. The Defendant, Suzette L Randall, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.
43. The Defendant, Suzette L Randall, breach is knowing, willful, and continuing.
44. The Defendant, Suzette L Randall, breach has caused Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES,

SERIES 2005-2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

45. The total debt owed under the Note and Mortgage as of August 15, 2026, if no payments are made, is Two Hundred Forty-Eight Thousand Two Hundred Twenty-Seven and 12/100 ($248,227.12) Dollars.

46. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

47. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

48. The Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, repeats and re-alleges paragraphs 1 through 47 as if fully set forth herein.

49. By executing, under seal, and delivering the Note, and Agreements the Defendant, Suzette L Randall, entered into a written contract with Countrywide Home Loans, Inc., who agreed to initially loan the amount of $80,000.00 to the Defendant and subsequent increased amounts. *See* Exhibits B, F and G.

50. As part of this contract and transaction, the Defendant, Suzette L Randall, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

51. The Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, is the proper holder of the Note and

Agreements and is successor-in-interest to Countrywide Home Loans, Inc., and has performed its obligations under the Note, Agreements and Mortgage.

52. The Defendant, Suzette L Randall, breached the terms of the Note, Agreements and Mortgage by failing to properly tender the February 1, 2026, payment and all subsequent payments. *See* Exhibit H.

53. The Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Suzette L Randall.

54. The Defendant Suzette L Randall, having failed to comply with the terms of the Note, Agreements and Mortgage, is in breach of contract.

55. The Defendant, Suzette L Randall, is indebted to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2 in the sum of Two Hundred Forty-Eight Thousand Two Hundred Twenty-Seven and 12/100 ($248,227.12) Dollars, for money lent by the Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, to the Defendant.

56. Defendant, Suzette L Randall's, breach is knowing, willful, and continuing.

57. Defendant, Suzette L Randall's, breach has caused Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES,

SERIES 2005-2, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

58. The total debt owed under the Note and Mortgage as of August 15, 2026, if no payments are made, is Two Hundred Forty-Eight Thousand Two Hundred Twenty-Seven and 12/100 ($248,227.12) Dollars.

59. Injustice can only be avoided by awarding damages for the total amount owed under the Note, Agreements and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

60. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## COUNT IV –UNJUST ENRICHMENT

61. The Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, repeats and re-alleges paragraphs 1 through 60 as if fully set forth herein.

62. Countrywide Home Loans, Inc., predecessor-in-interest to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, pursuant to the Agreements initially loaned the Defendants, Suzette L Randall, $80,000.00 which has increased pursuant to the Agreements. *See* Exhibit B, F and G.

63. The Defendant, Suzette L Randall, has failed to repay the loan obligation.

64. As a result, the Defendant, Suzette L Randall, has been unjustly enriched to the detriment of the Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2 as successor-in-interest to Countrywide Home Loans, Inc. by having received the aforesaid benefits and money and not repaying said benefits and money.

65. As such, the Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, is entitled to relief.

66. If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, prays this Honorable Court:

a) Issue a judgment of foreclosure and sale in conformity with Title 14 § 6322;

b) Determine the amount due and priority of any Parties-In-Interest that appear in this matter;

c) Grant possession to the Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, upon the expiration of the period of redemption;

d) Find that the Defendant, Suzette L Randall, is in breach of the Note and Agreements by failing to make payment due as of February 1, 2026, and all subsequent payments;

e) Find that the Defendant, Suzette L Randall, is in breach of the Mortgage by failing to make payment due as of February 1, 2026, and all subsequent payments;

f) Find that the Defendant, Suzette L Randall, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Suzette L Randall, is in breach of contract by failing to comply with the terms and conditions of the Note, Agreements and Mortgage by failing to make the payment due February 1, 2026, and all subsequent payments;

h) Find that the Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, is entitled to enforce the terms and conditions of the Note, Agreements and Mortgage;

i) Find that by virtue of the money retained by the Defendant, Suzette L Randall has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, to restitution;

k) Find that the Defendant, Suzette L Randall, is liable to the Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, for money had and received;

l) Find that the Defendant, Suzette L Randall, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Suzette L Randall, to continue to appreciate and retain the benefit of the Mortgage, Note, Agreements and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, is entitled to restitution for this benefit from the Defendant, Suzette L Randall;

o) Determine the amount due on said Mortgage, Agreements and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Suzette L Randall, and in favor of the Plaintiff, THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2, in the amount of Two Hundred Forty-Eight Thousand Two Hundred Twenty-Seven and 12/100 ($248,227.12 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs (If the Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* judgment against the property);

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
THE BANK OF NEW YORK MELLON
FKA THE BANK OF NEW YORK AS
TRUSTEE FOR THE

CERTIFICATEHOLDERS OF CWABS, INC., ASSET BACKED CERTIFICATES, SERIES 2005-2,
By its attorneys,

Dated: August 18, 2026

/s/Reneau J. Longoria, Esq.

Reneau J. Longoria, Esq. Bar No. 005746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com